**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E. Dixon,<br><br>Plaintiff,<br><br>vs.<br><br>Pinal County, a political subdivision; James Walsh, Pinal County Attorney; and Paul Babeu, Pinal County Sheriff,<br><br>Defendants. | No. CV-10-325-PHX-DGC<br><br>**ORDER** |

Plaintiff claims to be the lawful owner of an Australian sheppard named Shiloh. He alleges that Pinal County officials wrongfully seized Shiloh and turned the dog over to his ex-wife. He brought suit against Defendants under 42 U.S.C. § 1983. Docs. 1, 60.

Plaintiff has filed a motion requesting that the Court appoint counsel to represent him in this action. Doc. 66. There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court does have the discretion to appoint counsel in "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel[.]" *Id.*

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. This case does not present the "exceptional circumstances" warranting the appointment of counsel.

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 66) is **denied**.

DATED this 7th day of January, 2011.

_____
David G. Campbell
United States District Judge