**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E. Dixon, | No. CV-10-325-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Pinal County, a political subdivision; James Walsh, Pinal County Attorney; and Paul Babeu, Pinal County Sheriff, | |
| Defendants. | |

Plaintiff claims to be the sole and lawful owner of an Australian sheppard named Shiloh. He alleges that Pinal County officials wrongfully seized Shiloh and turned the dog over to his ex-wife. He filed suit against Defendants on February 16, 2010, alleging violations of his civil rights under 42 U.S.C. § 1983. Doc. 1. The amended complaint purports to assert eight separate counts (Doc. 60 ¶¶ 11-18), but those "counts" consist of the "statement of facts" (*id.* at 3 & ¶ 19) supporting unspecified § 1983 claims (*id.* ¶ 5).

Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Doc. 61. The motion is fully briefed. Docs. 63, 64, 65. No party has requested oral argument. The motion will be granted in part and denied in part.

The Court is without subject matter jurisdiction, Defendants argue, because the amended complaint alleges no "case or controversy" sufficient to establish Article III standing. Doc. 61 at 2-4. Defendants assert in the alternative that the amended complaint fails to state a claim to relief. *Id.* at 4.

1          To sue in federal court, a plaintiff must have standing under Article III of the United States Constitution, that is, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). These core requirements of Article III standing are satisfied with respect to one part of the § 1983 claim: Plaintiff's request that his dog Shiloh be returned to him (Doc. 60 ¶ 22(c)). The amended complaint alleges an actual injury as Plaintiff claims to be the lawful owner of Shiloh and asserts that Shiloh was seized without due process of law and otherwise in violation of Plaintiff's civil rights. *Id.* ¶ 11 & n.1. Defendants are alleged to have caused that injury by conspiring to have Shiloh taken from Plaintiff and turned over to his ex-wife and by denying Plaintiff post-deprivation relief. *Id.* ¶¶ 12-13. The alleged injury can be redressed, at least in part, by an order requiring that Shiloh be returned to Plaintiff. *See United States v. U.S. Currency, $81,000.00*, 189 F.3d 28, 35 (1st Cir. 1999) ("An owner or possessor of property that has been seized necessarily suffers an injury that can be redressed, at least in part, by return of the seized property."). The motion to dismiss will be denied with respect to Plaintiff's § 1983 claim asserting violations of his civil rights and seeking the return of his dog (Doc. 60 ¶ 22(a), (c)). *See Culp v. Martin*, 471 F.2d 814, 815 (5th Cir. 1973) (prisoners had standing to assert § 1983 claim against sheriff and jail personnel for return of confiscated property).

          The motion will be granted, however, with respect to the requests for injunctive relief in the form of orders enjoining Defendants from committing future civil rights violations (Doc. 60 ¶ 22(b), (i)), requiring Defendants or others to investigate alleged wrongs (*id.* ¶ 22(d)-(f)), and requiring Defendants to arrest and prosecute alleged wrongdoers (*id.* ¶ 22(g)-(h)). The amended complaint contains no facts from which it plausibly can be inferred that the alleged civil rights violations are likely to occur in the future. *See City of L.A. v. Lyons*, 461 U.S. 95, 102-06 (1983) (requiring a plaintiff who seeks equitable relief under § 1983 to demonstrate a realistic likelihood of being subject to unconstitutional practice in the future). Nor has Plaintiff demonstrated a right to equitable relief in the form

1 of Court-ordered investigations, arrests, and prosecutions.

2 Accepting the factual allegations of the complaint as true, and construing them liberally in Plaintiff's favor, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the Court finds that Plaintiff has standing to assert a § 1983 claim for the return of his dog. The motion to dismiss will be denied in this regard and granted with respect to any other purported claim to relief.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 61) is **granted in part** and **denied in part** as set forth in this order.

2. The deadlines set forth in the case management order dated October 13, 2010 (Doc. 57) remain in effect.

DATED this 11th day of January, 2011.

_David G. Campbell_
United States District Judge