**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E. Dixon,<br><br>  Plaintiff,<br><br>vs.<br><br>Pinal County, a political subdivision; James Walsh, Pinal County Attorney, in his official capacity; and Paul Babeu, Pinal County Sheriff, in his official capacity,<br><br>  Defendants. | No. CV-10-325-PHX-DGC<br><br>**ORDER** |

Plaintiff Mark Dixon claims to be the sole and lawful owner of an Australian shepherd named Shiloh. He alleges that Pinal County sheriff deputies wrongfully seized Shiloh and turned the dog over to his ex-wife. He has brought suit against the County itself, County Attorney James Walsh, and Sheriff Paul Babeu for allegedly having failed to investigate, prosecute, and make arrests in the matter. Doc. 1. The amended complaint purports to assert eight separate counts (Doc. 60 ¶¶ 11-18), but those "counts" consist of the "statement of facts" (*id.* at 3 & ¶ 19) supporting unspecified civil rights claims under 42 U.S.C. § 1983 (*id.* ¶ 5). Liberally construed, the complaint asserts constitutional violations of due process and equal protection of the law. Plaintiff seeks declaratory and injunctive relief. *Id.* at 1, 6-8.

The parties have filed motions for summary judgment. Docs. 98, 107. The motions are fully briefed. Docs. 103, 106, 112. Oral argument has not been requested. For reasons stated below, summary judgment will be granted in favor of Defendants.

## I. Summary Judgment Standard.

A principal purpose of summary judgment is to dispose of factually or legally unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Discussion.

Plaintiff contends that the following undisputed facts entitle him to summary judgment: that deputies seized Shiloh and gave the dog to a third-party without lawful authority and while acting under color of state law, that the County received a notice of claim detailing the facts alleged by Plaintiff, that Plaintiff has the constitutional right to not be deprived of property without due process and to not be denied equal protection under the law, and that the County Attorney and Sheriff have a sworn duty to protect constitutional rights. Docs. 98 at 2, 106 ¶¶ 1-6, 108 at 2. Defendants argue, correctly, that Plaintiff has no constitutional right to require the County Attorney or the Sheriff to investigate a particular matter, to prosecute or arrest any individual, or to even discipline subordinates for alleged misconduct. Doc. 103 at 4. Because Defendants have been sued in their official capacities (Doc. 60 at 1), liability will lie under § 1983 only if Plaintiff shows that his alleged constitutional injury "was caused by employees acting pursuant to an official policy or 'longstanding practice or custom,' or that the injury was caused or

ratified by an individual with 'final policy-making authority.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, --- F.3d ----, 2011 WL 2276774, at *6 (9th Cir. June 9, 2011) (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008)); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff can show neither. He has identified no policy or custom of Defendants as the "moving force" behind his alleged constitutional injuries. *Monell*, 436 U.S. at 694; *see Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007). Nor has he presented evidence showing that Defendants ratified the alleged misconduct on the part of the deputies.

Defendants' inaction, standing alone, is not enough to create a triable issue. Ratification is used as a theory of § 1983 liability where "an unconstitutional *policy* is established by the post hoc ratification of prior actions." *Lancaster v. Carey*, No. CIV S-08-0051 LKK GGH P, 2011 WL 2198313, at *14 (E.D. Cal. June 6, 2011) (emphasis in original). Stated differently, "ratification simply makes clear that the policy was in effect at the time of the incident and was the 'moving force' for the unconstitutional act." *Id.* The ratification theory cannot be so stretched to a situation where, as in this case, "no policy is at issue, but simply a one-time event that had been completed at the time the complaint was made." *Id.*; *see Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (making clear that to hold municipalities liable under § 1983 for failing to overrule the unconstitutional acts of subordinates "would simply smuggle *respondeat superior* liability into [§] 1983 law" resulting in an impermissible "end run around *Monell*"); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (noting that a "single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability"); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848

(5th Cir. 2009) (noting that the theory of ratification is limited in § 1983 cases to "extreme factual circumstances").

Plaintiff asserts that Defendants have provided him no "post deprivation relief as required by their respective oaths of office and statutory duties, thereby denying [him] his Constitutional right to Due Process and Equal Protection of the law." Doc. 60 ¶ 13. Defendants argue, correctly, that because Arizona law provides adequate post-deprivation remedies (including tort actions for replevin and trespass to chattels), no § 1983 claim will lie. Docs. 103 at 6, 112 at 1-2; *see Hudson v. Palmer*, 486 U.S. 517, 533 (1984) ("an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); *Brogan v. San Mateo County*, 901 F.2d 762, 764 (9th Cir. 1990) ("When state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand.").

**III. Conclusion.**

In summary, Plaintiff has identified no specific policy or custom that arguably violated his rights under the Fourteenth Amendment. *See Polk*, 454 U.S. at 326. Nor has he produced evidence of "affirmative or deliberate conduct by [Defendants] that may be said to have ratified" the actions taken by the deputies. *Gillette*, 979 F.2d at 1348. Plaintiff asserts that Defendants' purported failure to support and defend the Constitution and otherwise uphold his civil rights "constitutes [an] unconstitutional custom or policy by the County" (Doc. 110 at 9), but the mere failure to protect an individual's constitutional rights is not sufficient to establish municipal liability under § 1983. *See Myers v. City of Madera*, No. 1:10-CV-01398 AWI JLT, 2011 WL 2361628, at \*4 (E.D. Cal. June 9, 2011) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). The Court will grant summary judgment in favor of Defendants. *See Jackim v. City of Brooklyn*, No. 1:05 cv 1678, 2007 WL 893868, at \*20 (N.D. Ohio Mar. 22, 2007)

(granting summary judgment on § 1983 claims where a police officer engaged in a "single incident of wrongdoing" and mere inaction on the part of the city was not enough to establish municipal liability); *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 346 (E.D.N.Y. 2006) (granting summary judgment on municipal liability claim where the plaintiff failed to adduce any evidence that the alleged unconstitutional acts committed by the police officers "were connected to any policy, custom or practice beyond mere speculation and conjecture").

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. 98) is **denied**.
2. Defendants' cross-motion for summary judgment is **granted**.
3. The Clerk is directed to enter judgment accordingly.

Dated this 7th day of July, 2011.

_____
David G. Campbell
United States District Judge