**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E. Dixon, | No. CV-10-325-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Pinal County, a political subdivision; James Walsh, Pinal County Attorney, in his official capacity; and Paul Babeu, Pinal County Sheriff, in his official capacity, | |
| Defendants. | |

Plaintiff Mark Dixon has filed a motion for reconsideration. Doc. 122. The motion is brought under Federal Rule of Civil Procedure 60(b)(2) and (3), and will be denied as untimely.

A motion brought under Rule 60(b)(2) or (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The judgment in this case was entered on July 7, 2011. Doc. 115. Plaintiff's motion was filed on July 9, 2012, more than one year later. Doc. 122. The one-year time period of Rule 60(c)(1) is absolute and may not be extended by the Court. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005); *Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir. 2000) (citing 12 James Wm. Moore, *Moore's Federal Practice,* ¶ 60.65[2][a], at 60-200 (3d ed.1997)). Because Plaintiff's motion is untimely,

it will be denied.[1]

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 122) is **denied**.

Dated this 11th day of July, 2012.

_David G. Campbell_
United States District Judge

---

[1] Even if timely, Plaintiff's motion would be denied. Plaintiff purports to present newly discovered evidence that concerns the motives and actions of a superior court judge who was never named as a defendant in this case. The Court would not have permitted Plaintiff to amend his complaint to assert claims against this individual at the late date of the summary judgment stage; the evidence would not have been likely to change the disposition of this case without this individual as a defendant, and therefore would be insufficient under Rule 60(b)(2), *see Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990); and the evidence would not prove by clear and convincing evidence that summary judgment was obtained in this case through fraud, misrepresentation, or other misconduct as required by Rule 60(b)(3), *see id.*